Mark J. STEEL; Connie J. Steel; Odd–Bjorn Huse; Lisa J. Huse, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 02–72678.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2003.*

Decided Oct. 16, 2003.

Robert M. McCallum, Esq., Deborah R. Jaffe, Esq., LeSourd & Patten, P.S., Seattle, WA, for Petitioners–Appellants.

Gary R. Allen, Esq., U.S. Department of Justice, Chief–Appellate Section, Charles S. Casazza, B. John Williams, Jr., Esq., Michael J. Haungs, DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: D.W. NELSON, KOZINSKI, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Mark and Connie Steel and Odd–Bjorn and Lisa Huse appeal from the Tax Court's affirmation of Commissioner's deficiency determination. We have jurisdiction pursuant to 26 U.S.C. § 7482(a), and we affirm.

The Tax Court's finding that the lawsuit proceeds were not part of the purchase price of BFI's stock is not clearly erroneous. *See Boehm v. Comm'r,* 326 U.S. 287, 293, 66 S.Ct. 120, 90 L.Ed. 78 (1945); *In re Steen,* 509 F.2d 1398, 1402 (9th Cir.1975). As the requirement for capital gains treatment was not met, the proceeds are correctly taxed as ordinary income. *See West v. Comm'r,* 37 T.C. 684, 687–88, 1962 WL 1184 (1962).

The Tax Court did not err when it found that the Stock Purchase Agreement and Assignment Agreement, while related, did not provide for the lawsuit as additional consideration. The lawsuit was not tied to the purchase price in the Stock Purchase Agreement, nor was the assignment necessary to finance the deal. Instead, Appellants essentially assigned the lawsuit to themselves. Even if the two agreements are mutually interdependent, the Tax Court's finding that the lawsuit was an unwanted asset, and not part of the purchase price, is not clearly erroneous. *See West,* 37 T.C. at 687.

Applying Washington law upon a *de novo* review does not alter the outcome as the statements of consideration are clear; nowhere is the lawsuit mentioned as consideration for the sale of stock in either agreement. *See Shelton v. Fowler,* 69 Wash.2d 85, 93–94, 417 P.2d 350 (1966) (parol evidence is inadmissible to contradict statement of consideration when it is a contractual element).

An interpretation of *Nahey v. Commissioner,* 196 F.3d 866 (7th Cir.1999), and its impact on *Pacific Transport Co. v. Commissioner,* 483 F.2d 209 (9th Cir.1973) is not necessary.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The ruling of the Tax Court is therefore **AFFIRMED.**