# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2011

No. 10-60778
Summary Calendar

Lyle W. Cayce
Clerk

ISIDRA ELIZABETH ESPINOZA,

> Petitioner–Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

> Respondent–Appellee

Appeal from the Decision of the United States Tax Court

Before WIENER, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

At issue in this appeal is whether a $50,000 lump-sum payment to "resolve and settle all differences, disputes, and controversies between the parties" in an action concerning various employment-related claims was excludable from a taxpayer's income under Internal Revenue Code § 104(a)(2). The Tax Court held that the taxpayer, Petitioner–Appellant Isidra Elizabeth Espinoza, had not met her burden of establishing that the payor, the Texas Health and Human Services Commission ("THHSC"), had agreed to pay this settlement amount on account of personal physical injuries or physical sickness such that Espinoza properly excluded the $50,000 from her 2006 federal income. Accordingly, the Tax Court determined that Espinoza was liable for $9,078 in tax deficiency as determined

No. 10-60778

by the Respondent–Appellee Commissioner of the Internal Revenue Service ("Commissioner"). We agree and affirm the Tax Court's decision.

## FACTS AND PROCEDURAL BACKGROUND

From 1990 to 2002, Espinoza was employed by THHSC, formerly known as the Texas Department of Human Services. In December 1997, Espinoza filed suit against THHSC for discrimination based on gender, religion, and national origin, as well as retaliation. Espinoza sought both compensatory and exemplary relief for actual damages, back pay, mental pain and anguish, and intentional infliction of emotional distress. In the fall of 2005, with Espinoza in poor health, Espinoza's husband discussed with Espinoza's personal injury lawyer, Jesus Villabolos, the possibility of approaching THHSC with a settlement offer. Calculating the total cost of Espinoza's medical bills for the physical and psychological ailments that had been caused or exacerbated by the workplace discrimination to be $50,000, Espinoza's husband asked Villabolos to convey this settlement offer to THHSC. During this discussion, Villabolos represented to Espinoza's husband that the settlement amount would not be taxable. Villabolos made the offer to settle for $50,000 to THHSC's attorney.

By January 27, 2006, THHSC and Espinoza had executed a release and settlement agreement. The agreement stated that the "agreement is entered into to resolve and settle all differences, disputes, and controversies between the parties, to compromise and settle doubtful and disputed claims, to avoid further litigation, and to facilitate peace." THHSC agreed to pay a total amount of $50,000 "[i]n full and final settlement and compromise of all claims, but without admitting liability." In 2006, Espinoza received the lump-sum payment along with a Form 1099-MISC from THHSC. On May 10, 2007, Espinoza filed her federal income tax return for tax year 2006. The return was prepared by a Certified Public Accountant ("CPA"). After being told by Espinoza's husband that the $50,000 settlement amount was for medical costs, the CPA informed the

2

No. 10-60778

Espinozas that the settlement amount was tax exempt, and the CPA prepared the income tax return without including the settlement payment in Espinoza's gross income.

In August 2008, the Commissioner notified Espinoza of deficiency in her 2006 income tax. The Commissioner notified Espinoza that she owed an additional $9,078 for the $50,000 settlement amount she should have reported as income and an accuracy penalty of $1,816. On Espinoza's petition to the Tax Court seeking a redetermination of the Commissioner's determinations, the Tax Court upheld the Commissioner's determination that Espinoza's settlement proceeds were taxable, but reversed the Commissioner's determination that Espinoza should pay the accuracy penalty.[1] The Tax Court found that Espinoza had "failed to present objective and credible evidence that [THHSC] intended that any part of petitioner's settlement proceeds be allocated to her medical expenses" and that the "preponderance of the evidence is that the settlement was unallocated among multiple claims, many of which were not for physical injuries or physical sickness." Thus, the Tax Court concluded that the settlement proceeds were taxable income for 2006. Espinoza timely appealed.

## STANDARD OF REVIEW

We apply the same standard of review to Tax Court decisions that we apply to district court decisions. *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007). We review findings of fact for clear error and issues of law de novo. *Id.* We review a Tax Court's finding that a taxpayer failed to establish that settlement proceeds were allocable to physical injury or physical sickness as a finding of fact, and thus we review for clear error. *Id.*

---

[1] The Commissioner does not cross-appeal the Tax Court's redetermination of the accuracy penalty.

3

No. 10-60778

## DISCUSSION

Gross income includes all income "from whatever source derived" except as otherwise provided by the Internal Revenue Code. I.R.C. § 61(a). The taxpayer claiming an exclusion from income bears the burden of proving that the exclusion is proper. *Taggi v. United States*, 35 F.3d 93, 95 (2d Cir. 1994). Section 104(a)(2) of the Internal Revenue Code states that "gross income does not include . . . the amount of any damages . . . received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." A taxpayer may only exclude amounts under § 104(a)(2) when the taxpayer can demonstrate that (1) the underlying cause of action giving rise to the recovery is based upon tort or tort-type rights; and (2) the damages were received on account of personal physical injury or physical sickness. *See Comm'r v. Schleier*, 515 U.S. 323, 336–37 (1995). The primary issue in this case is whether the settlement proceeds were on account of personal physical injury or physical sickness.

To determine the tax treatment of a settlement, we ask "in lieu of what was the . . . settlement awarded" and "focus . . . on the origin and characteristics of the claims settled." *Green*, 507 F.3d at 867 (internal quotation marks and citation omitted) (first alteration in original).[2] To determine whether payments were made in lieu of damages for physical injuries or physical sickness, "[w]e first look to the language of the agreement itself for indicia of purpose." *Id.*

---

[2] *Schleier* and *Green* were decided using the pre-1996 language of § 104(a)(2). *See Green*, 507 F.3 at 867 & n.6. Prior to 1996, this section excluded damages received by suit or agreement "on account of *personal injury or sickness*." *Id.* In 1996, Congress amended the provision and narrowed the exclusion to damages received by suit or agreement "'on account of personal *physical* injury or physical sickness.'" *Id.* (emphasis added) (quoting I.R.C. § 104(a)(2)). While the exclusion has since been narrowed, the holdings of these cases describe the general approach courts should use in determining the tax treatment of damages or settlement proceeds under § 104(a)(2) and remain good law; we merely replace "personal injury or sickness" with "personal physical injury or physical sickness" in accordance with the amended language.

No. 10-60778

(citation omitted)  "Where the settlement agreement lacks express language of purpose, the court looks beyond the agreement to other evidence that may shed light on the *intent of the payor* as to the purpose in making the payment." *Id.* (emphasis added) (internal quotation marks and citations omitted).  We seek to determine "the claim [or claims] the parties, in good faith, intended to settle for." *Id.* at 868 (citation and internal quotation marks omitted).

Using this framework, we do not find that the Tax Court erred in finding that Espinoza had failed to establish that the settlement proceeds were allocable to physical injury or sickness.  The Tax Court accurately noted that the release and settlement agreement does not specify what motivated THHSC to settle, nor does it indicate in any way that any of the proceeds are allocable to a claim of personal physical injury or physical sickness.  Espinoza sued THHSC on claims of (1) discrimination based on gender, religion, and national origin; and (2) retaliation.  She sought both compensatory and exemplary damages for actual damages, back pay, mental pain and anguish, and intentional infliction of emotional distress.  Proceeds received on account of some of these claims for damages would not be excludable.  For example, any proceeds received for back pay or purely for mental pain and anguish would not be received on account of "personal physical injury or physical sickness" and thus would be included as income. *See* I.R.C. § 104(a)(2).  Proceeds received to pay for medical treatments for the physical manifestation of emotional distress or mental pain and anguish *may* be excludable under § 104(a)(2).[3]  Nothing in the release and settlement

---

[3] The Tax Court has held that settlement "[m]oney paid for emotional distress not attributable to physical injury or physical sickness is includable in income, and any amounts paid in such circumstances for physical symptoms of emotional distress are similarly includable as income." *Wells v. Comm'r*, T.C.M. (RIA) 2010-005, 2010 WL 23333, at *4 (2010); *see also Murphy v. I.R.S.*, 493 F.3d 170, 174–76 (D.C. Cir. 2007).  The Tax Court, however, has held that settlement money "paid for medical care to treat . . . [the] emotional distress" is excludable under § 104(a)(2). *Id.*  The issue of whether damages or settlement proceeds received by a taxpayer for medical care or treatment for the physical manifestations of emotional distress is an issue of first impression in this Court and our sister courts of appeals.

agreement indicates that THHSC reached a settlement agreement because it sought to settle the dispute over medical costs versus the dispute over back pay. On the contrary, the language in the release and settlement agreement states that THHSC is paying the $50,000 "[i]n full and final settlement and compromise of *all claims*, but without admitting liability." (emphasis added). Additionally, the release and settlement agreement contains no language whatsoever allocating the $50,000 between the claims for which proceeds arguably could be excluded from gross income under § 104(a)(2) and the claims for which proceeds must be included as income.

Because the language of the release and settlement agreement did not provide any indication that the proceeds were allocated to the medical costs, Espinoza had the burden of presenting other evidence establishing that THHSC made the settlement payment in lieu of damages for the costs of medical care and treatment. *See Green*, 507 F.3d at 867–70. Espinoza presented evidence that she and her husband considered the $50,000 settlement amount to be compensation for medical expenses. As the record and comments by the Tax Court indicate, Espinoza has clearly been ill and received medical treatment for a variety of medical conditions—including enlarged lymph nodes, liver cirrhosis, hyperthyroidism, depression, and post-traumatic stress disorder—both during and after her employment with THHSC. Espinoza attributes the need for medical treatment of these conditions to the alleged discrimination she suffered at THHSC. Espinoza's husband testified that they viewed this settlement as compensation for the sum total of medical expenses. This evidence is probative of the Espinozas' intent in settling. It is, however, insufficient to prove the intent of the *payor*, THHSC, in making this payment.

---

Because we cannot find that any portion of the settlement proceeds was allocable to the emotional distress claims or that the proceeds were paid by THHSC with the intent to reimburse or cover Espinoza's medical costs, we need not reach this issue.

No. 10-60778

The only evidence that Espinoza presented as to payor's intent is (1) an authorization to release her medical records to THHSC from 1998; (2) a certification of illness/injury submitted in 1997; and (3) a physician's supplemental statement on accident or sickness from 1999 discussing Espinoza's psychological and physical impairments that developed in response to the allegedly hostile work environment. This evidence does provide support for Espinoza's assertion that THHSC was aware of her medical conditions and that she was receiving medical treatment for physical manifestations of emotional distress. This evidence does not, however, show that THHSC decided to pay all or any portion of the settlement amount of $50,000 only to reimburse her for the medical costs as opposed to costs associated with the multiple other claims.

We agree with the Tax Court that Espinoza failed to demonstrate that THHSC intended to allocate any specific portion or the entire amount of the $50,000 for her personal physical injury or physical sickness. The Tax Court did not err in concluding that the settlement proceeds were income.

AFFIRMED.