T.C. Summary Opinion 2013-3

UNITED STATES TAX COURT

FILLMORE L. CARR AND DARLENE CARR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20898-10S.                    Filed January 7, 2013.

Fillmore L. Carr, pro se.

Matthew A. Williams, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for

any other case.

In a notice of deficiency dated July 19, 2010 (notice), respondent determined

a $5,797 deficiency in, and a $1,159 section 6662(a) accuracy-related penalty with

respect to, petitioners' 2008 Federal income tax.  The issues for decision are:  (1)

whether an amount paid to Fillmore L. Carr (petitioner) during 2008 in settlement of

a claim against his former employer is excludable from petitioners' income; and (2)

whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  At all times

relevant, petitioners were married to each other.[2]  Their self-prepared 2008 joint

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Darlene Carr did not execute the stipulation of facts and did not appear at trial.  Accordingly, the Court dismissed this action as to her for lack of prosecution on December 13, 2011.  Nevertheless, the decision entered with respect to her will reflect the resolution of the issues here under consideration.  See Rule 123.

Federal income tax return (return) was timely filed. They were residents of California on the date that the petition was filed.

In 2000 petitioner, a former revenue agent for the Internal Revenue Service (IRS), filed an employment-based complaint against the IRS. The claim was resolved by a settlement during 2002. According to the terms of the settlement, the IRS agreed to pay to petitioner a lump sum of $20,000 (settlement payment), subject, according to the settlement agreement, to "all necessary and required withholdings, taxes, deductions, offsets and adjustments".

For reasons not apparent from the record, the settlement payment was not made until the year in issue. Meanwhile, $8,237.39 in interest had accrued. The settlement payment, plus interest, minus Federal income tax and other withholdings, was paid to petitioner by a U.S. Treasury check dated January 31, 2008, for $21,307.39. For 2008 the IRS issued petitioner: (1) a Form W-2, Wage and Tax Statement, reflecting the settlement payment of $20,000; and (2) a Form 1099-INT, Interest Income, reporting interest paid of $8,237.39.

Petitioners did not include any portion of the settlement payment or the accrued interest in the income reported on their return. The income tax refund claimed on their return, however, takes into account the Federal income tax withheld from the settlement payment.

According to the notice, both the settlement payment and the accrued interest are includable in petitioners' 2008 income.  Furthermore, according to the notice, because the underpayment of tax required to be shown on petitioners' 2008 return is a substantial understatement of income tax, petitioners are liable for a section 6662(a) accuracy-related penalty.[3]

Discussion

Generally, determinations made in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[4]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The term "income" as used in the Internal Revenue Code means income from any source, including any accretion to the taxpayer's wealth.  See sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955).  Certain accretions to a taxpayer's wealth are, by statute, made excludable from the taxpayer's income, but those statutory exclusions are narrowly construed.  See, e.g., O'Gilvie v.

---

[3]Other adjustments made in the notice are computational and need not be discussed.

[4]Petitioners do not argue that the burden of proof should be placed upon respondent.  See sec. 7491(a).

United States, 519 U.S. 79 (1996); Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

According to the petition, the "Form 1099-INT" and the "Form W-2" are "in error", but no allegations of facts in support of these assignments of error are made in the petition. Petitioners' inartful pleading, their failure to submit a pretrial memorandum, and petitioner's vague presentation at trial make it difficult for us to understand the precise nature of their challenge to the deficiency here in dispute. As best we can determine from what is included in the record, it appears that petitioners challenge the deficiency upon the following grounds: (1) the settlement payment and the interest are specifically excludable from income pursuant to some provision of the Internal Revenue Code; and (2) if the settlement payment and the interest that accrued on that settlement payment are includable in their income, then the proper year of inclusion is 2002, the year the settlement agreement was entered into, and not 2008, the year the payment was made.

Whether the Settlement Payment or the Interest Is Excludable From Petitioners' Income

The simple answer is no; neither item is excludable from petitioners' income.

At trial petitioner argued that section 61 allowed for the exclusion of both items. We have encountered that section countless times in the past and fail to see how its provisions in any way allow for the result that petitioner suggests. The settlement payment, a clear accretion to petitioners' wealth, constitutes "income from any source", and section 61 includes a specific reference to interest. See sec. 61(a)(4).

Petitioner is not an unsophisticated taxpayer; as noted, he is a former IRS revenue agent. We would expect that if petitioners' position was supported by one of the exclusions from income set forth in one of the sections included in subtitle A, chapter 1, subchapter B, part III of the Internal Revenue Code, our attention would have been directed to that section. Nevertheless, keeping in mind petitioners' status as unrepresented litigants, we consider, without specific reference by petitioners, whether any of the exclusions from income set forth in various sections of the Internal Revenue Code applies here. In so doing, we note that only section 104 need be mentioned, and then only briefly and only with reference to the settlement payment.

Section 104(a)(2) allows for the exclusion from a taxpayer's income of "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of

personal physical injuries or physical sickness". See, e.g, Espinoza v. Commissioner, 636 F.3d 747, 749-750 (5th Cir. 2011), aff'g T.C. Memo. 2010-53; sec. 1.104-1(c), Income Tax Regs. The settlement payment qualifies as an amount of "damages" received by "agreement" within the meaning of section 104(a)(2), but the record in this case would hardly support a finding that the settlement payment was made "on account of personal physical injuries or physical sickness" petitioner suffered as a result of any action by his former employer. Section 104 does not allow the settlement payment to be excluded from petitioners' income.

Otherwise, we find no support in any other provision of the Internal Revenue Code for petitioners' position that the settlement payment and the interest received in 2008 are excludable from their income.

Proper Year of Inclusion:  2002 or 2008

According to petitioners, if the settlement payment and interest are includable in their income, then the proper year of inclusion is 2002, not 2008. Nothing in the record suggests that any portion of the settlement payment or the interest was actually included in petitioners' income for 2002 or any other year for that matter. Furthermore, their position in this regard makes no sense with respect to the interest. As of the close of 2002, the amount of interest reported on the Form 1099-INT would not yet have accrued on the settlement payment.

Petitioners admit that their taxable income and Federal income tax liability for the year in issue are properly computed with reference to the cash receipts and disbursements method of accounting (cash basis). That being so, they are required to recognize income in the year they "actually or constructively" receive it. See sec. 451; sec. 1.451-1(a), Income Tax Regs. Nothing in the record suggests that petitioner "constructively" received the settlement payment or interest before 2008, the year those items of income were actually received. That being so, the settlement payment and the interest on the settlement payment are includable in petitioners' 2008 income as respondent determined.

Accuracy-Related Penalty

Section 6662(a) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable, among other things, to a substantial understatement of income tax. As relevant here, section 6662(d)(1)(A) defines "substantial understatement of income tax" as an amount exceeding $5,000. Respondent bears the burden of production with regard to the imposition of this penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

In this case the underpayment of tax and the understatement of income tax are equal to the deficiency, see secs. 6211, 6662(d)(2), 6664(a), which exceeds $5,000.

That being so, the underpayment of tax required to be shown on petitioners' return is a substantial understatement of income tax, and respondent has met his burden of production with respect to the imposition of the penalty on that ground.

According to petitioners, however, the penalty is not applicable because they relied upon substantial authority, acted in good faith, and had reasonable cause for the exclusion of the settlement payment and interest from the income reported on their 2008 return. The burden of proof in this regard rests with them. <u>See</u> sec. 6664(c)(1); Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

Whether a taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account all of the pertinent facts and circumstances. <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." <u>Id.</u>

According to petitioners, the settlement payment and the interest that accrued on that settlement payment are excludable from income pursuant to some provision of the Internal Revenue Code. They have not called our attention to any such provision, and we have found none. Their claim that the disputed items of

income, if includable in income, are includable for 2002 rather than 2008 is hardly compelling when considered against their acknowledgment of being cash basis taxpayers.

Petitioners have failed to establish that there was reasonable cause and that they acted in good faith with respect to the underpayment of tax, or any portion of it, required to be shown on their 2008 return. Accordingly, respondent's imposition of an accuracy-related penalty is sustained.

To reflect the foregoing, and to allow the parties the opportunity to resolve between themselves petitioners' untimely suggestion that the income actually reported on their 2008 return is overstated,

Decision will be entered

under Rule 155.