T.C. Memo. 2013-81

UNITED STATES TAX COURT

RAPHAEL DANG-QUANG CUNG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5332-11.                    Filed March 20, 2013.

R determined an income tax deficiency and an accuracy-related penalty under I.R.C. sec. 6662(a). R alleges P received but did not report income from the settlement of a lawsuit. R further asserts an increased deficiency for the portion of the settlement P's attorney retained as a fee.

<u>Held</u>: The settlement proceeds P received are taxable income.

<u>Held</u>, <u>further</u>, the portion of the settlement proceeds P's attorney retained constitutes taxable income to P.

<u>Held</u>, <u>further</u>, P is liable for the I.R.C. sec. 6662(a) accuracy-related penalty.

[*2]   Raphael Dang-Quang Cung, pro se.

Eugene Kim, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for redetermination of a $5,449 income tax deficiency and a $1,090 accuracy-related penalty under section 6662(a) respondent determined for petitioner's 2008 taxable year.[1]  The deficiency stems from unreported dividend and interest income, unreported lawsuit settlement proceeds petitioner received, and corresponding computational adjustments.  By way of an amended answer filed March 19, 2012, respondent alleges an increase to income of $2,000 on the grounds that the lawsuit settlement proceeds totaled $17,000, of which petitioner's attorney retained $2,000 per their fee agreement.  Respondent also concedes that $2,000 of the $17,000 is deductible as a miscellaneous itemized deduction, subject to the 2% floor of section 67(a).  Because of that increase to income and the corresponding

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended and in effect for the taxable year at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] deduction, respondent seeks to increase the deficiency by $313 and the accuracy-related penalty by $62.40.

After concessions[2] the issues for decision are: (1) whether respondent has conceded $2,000 of the settlement income; (2) whether petitioner's settlement proceeds constitute taxable income; and (3) whether an accuracy-related penalty under section 6662(a) should be imposed.

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts with accompanying exhibits and the stipulation of settled issues are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California. Petitioner is employed as an attorney and practices entertainment law and civil litigation.

In September 2007 petitioner saw an online advertisement at www.autotrader.com for a "Certified Pre-Owned" 2004 BMW 645Ci convertible. The advertisement listed the price at $36,864 but did not list the mileage on the car. The seller was Lithia Seaside, Inc., d.b.a. BMW of Monterey (Lithia). Petitioner called Lithia, told the salespeople that he was interested in buying the

---

[2]Respondent concedes that petitioner is not responsible for self-employment tax on the settlement proceeds. Petitioner concedes (1) $272 of unreported dividend income and (2) $458 of unreported interest income.

[*4] car, and set an appointment for the next day to finalize the deal. When he called the dealership later that day to confirm the final price including sales tax and other fees, the dealership told petitioner that the $36,864 price was a mistake. The dealership told petitioner that he could purchase the car for $56,000 plus sales tax but that it could not sell it to him for the price listed on line. Petitioner demanded that the dealership honor the original price, and the dealership refused. After some back and forth, petitioner filed a lawsuit in California Superior Court in the County of Los Angeles on September 28, 2007. See Cung v. Lithia Seaside, Inc., No. 07E09254 (Cal. Super. Ct. filed Sept. 28, 2007). The complaint alleged various violations of California statutory law and a breach of contract. Petitioner sought injunctive relief, including a court order that Lithia sell him the car for the advertised price, damages of no less than $20,000, punitive damages, attorney's fees and costs, and other legal or equitable relief.

Petitioner and Lithia engaged in some discovery, and he learned that the car had since been sold to a Seattle, Washington, affiliate of Lithia. Eventually petitioner decided that a settlement was in his best interests and settled the suit for $17,000 in July 2008. The settlement check was payable to petitioner's attorney who, per their agreement, kept $2,000 as a fee and wrote a check to him for

**[*5]** $15,000.  Petitioner's attorney issued him a Form 1099-MISC, Miscellaneous Income, for the 2008 tax year listing nonemployee compensation of $15,000.

Petitioner decided that the $15,000 he received was not taxable income and that he did not need to report the amount on his income tax return.  He did some, but not a lot of, research on the issue and concluded that the amount was excludable from income on the grounds that it represented compensation to offset a loss.  Petitioner's return was prepared by a tax return preparer, but he never gave the preparer the Form 1099-MISC issued by the law firm.

On November 29, 2010, respondent issued a notice of deficiency.  Petitioner timely petitioned this Court for redetermination.  The case was set for trial at the Court's Los Angeles, California, session that began on March 19, 2012, and the trial was held on March 23, 2012.

OPINION

I.    Amended Answer

At trial petitioner renewed his objection to the amended answer, this time on the grounds that respondent had waived any increase in the deficiency by acknowledging in the stipulation of settled issues that the sole remaining issues in the case involved $15,000 of settlement proceeds and the section 6662(a) accuracy-related penalty.  Specifically, petitioner contends that respondent foot-

**[*6]** faulted and waived the increase by having the stipulation of settled issues entered into the record before the amended answer was entered. We told petitioner that we would consider his objection and decide the issue in our opinion.

Generally, the Court "will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except * * * where justice requires", Rule 91(e), or "good cause is shown", Saigh v. Commissioner, 26 T.C. 171, 176 (1956); see also Bail Bonds by Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir. 1987) (stipulations should be enforced "unless manifest injustice would result"), aff'g T.C. Memo. 1986-23. In deciding whether to allow a party to set aside or modify a stipulation, we look at factors such as inconvenience to the Court and possible injustice to the moving party if the stipulation was enforced. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 334-335 (1997) (citing Adams v. Commissioner, 85 T.C. 359, 375 (1985)), aff'd without opinion, 208 F.3d 205 (3d Cir. 2000). Furthermore, we have likened stipulations of settled issues and settlement agreements to contracts and look to contract law in construing such agreements. Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986). In construing the stipulation and the intent of the parties, we look first within the four corners of the agreement. Rink v. Commissioner, 100

**[*7]** T.C. 319, 325 (1993), aff'd, 47 F.3d 168 (6th Cir. 1995). If an agreement such as a statute of limitations extension is ambiguous, we may look to extrinsic evidence to determine the intent of the parties. Woods v. Commissioner, 92 T.C. 776, 780 (1989).

We begin with the language of the stipulation. The relevant portion of the stipulation of settled issues reads as follows:

> The parties agree that the adjustments set forth in the notice of deficiency dated November 29, 2010 for the taxable year 2008 upon which this case is based are settled as follows:
>
>     *       *       *       *       *       *       *
>
> 4. The remaining issues in this case are:
>     (a) Whether the $15,000 petitioner received is taxable.
>     (b) Whether petitioner is liable for the I.R.C. § 6662 accuracy-related penalty.
> 5. All other adjustments are computational.

Both parties signed and dated this document on March 19, 2012, the day of the calendar call. Petitioner contends that paragraphs 4 and 5 unambiguously foreclose the issue of the $2,000 increase, while respondent wants us to give effect to the intent of the parties.

We disagree with petitioner. The stipulation of settled issues on its face applies only to the notice of deficiency, and the parties could not have settled more than what respondent determined in the notice. Even if we were to find the

**[*8]** stipulation ambiguous, the parties clearly did not intend to settle respondent's increase to income. Respondent, as evidenced by the outstanding motion for leave to amend the answer, did not so intend. In such a case, the overt act of pursuing that motion indicates a lack of mutual assent, without which there is no contract. Dorchester Indus. Inc. v. Commissioner, 108 T.C. at 330 (citing Manko v. Commissioner, T.C. Memo. 1995-10). In addition, the stipulation of facts includes the following statement: "either party may introduce other and further evidence not inconsistent with the facts herein stipulated." The lack of a similar statement in the stipulation of settled issues further supports the conclusion that respondent did not intend to foreclose the increased settlement amount. Therefore, respondent was free to assert in the amended answer an increased deficiency pursuant to section 6214(a) and a corresponding increase in the section 6662(a) accuracy-related penalty. We overrule petitioner's oral objection.[3]

---

[3]We note that petitioner admitted receipt of the full $17,000 in his petition: "In about April 2008, Dealer agreed to compensate petitioner for some of his loss, in the sum of $17,000. After payment to his attorneys, petitioner received $15,000." Respondent, however, alleged that he "was not aware of this information at the time the answer was filed in this case", which is hard to square with the language in the petition. Even if the erroneous Form 1099-MISC clouded the issue, respondent was at the very least on notice of the issue one year before filing the motion for leave to amend. Diligence at the pleading stage of this litigation or careful drafting of the stipulation might have prevented this issue from arising.

[*9] II.      Settlement Proceeds

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) defines gross income as "all income from whatever source derived". We interpret this definition broadly to include all accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). Consistent with the broad definition is the corollary that "exclusions from income must be narrowly construed." Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Petitioner bears the burden of proving an exclusion from income is proper. See Espinoza v. Commissioner, 636 F.3d 747, 749 (5th Cir. 2011), aff'g T.C. Memo. 2010-53. Petitioner failed to point to any statute, regulation, or caselaw that purports to exclude proceeds from a lawsuit.

Appropriately, petitioner does not argue that the settlement proceeds should be excluded from taxable income under section 104(a), which deals with compensation for personal injury. Rather, petitioner's argument appears to be more along the lines that the settlement proceeds represent lost value or a constructive reduction of the improperly asserted price of the car. Settlement

**[*10]** proceeds that represent compensation for lost value or capital are generally not taxable, and proceeds that represent lost profits are taxable as ordinary income. Milenbach v. Commissioner, 318 F.3d 924, 933 (9th Cir. 2003), aff'g on this issue 106 T.C. 184 (1996). Petitioner bears the burden of showing that the settlement proceeds represent what he claims they represent. See id. To determine whether a settlement represents lost profit or lost value, we ask: "'In lieu of what were the damages awarded?'" Id. at 932 (quoting Getty v. Commissioner, 913 F.2d 1486, 1490 (9th Cir. 1990), rev'g 91 T.C. 160 (1988)). We take a broad approach in answering that question, which is a question of fact. Id.

When a taxpayer receives damages from a settlement rather than a verdict, "the tax consequences of the settlement depend on the nature of the claim that was the basis for the settlement, rather than the validity of the claim." Healthpoint, Ltd. v. Commissioner, T.C. Memo. 2011-241 (citing United States v. Burke, 504 U.S. 229, 239 (1992)). The complaint in the civil suit alleged four causes of action: (1) violation of California unfair competition law; (2) violation of California false advertising law; (3) violation of the California consumer legal remedies act; and (4) breach of contract. Petitioner sought specific performance, compensatory damages, and punitive damages. The settlement agreement, however, is silent as to the allocation of the award. Petitioner has not shown that

**[*11]** the parties intended the $15,000 as a settlement of the breach of contract claim or as a settlement for any of the other California consumer protection law claims. Petitioner has failed to carry his burden of showing that the proceeds represent what he claims they represent, lost value. See Milenbach v. Commissioner, 318 F.3d at 933.

Furthermore, petitioner made no showing as to how much of the settlement was intended as compensatory damages and how much was meant to settle the claim for punitive damages. Because petitioner has failed to carry his burden of proof and never owned the BMW 645Ci, there is no sale or exchange.[4] We sustain respondent's determination in the notice of deficiency that the settlement proceeds are taxable as ordinary income.

Finally, the Supreme Court has stated that "as a general rule, when a litigant's recovery constitutes income, the litigant's income includes the portion of the recovery paid to the attorney as a contingent fee." Commissioner v. Banks, 543 U.S. 426, 430 (2005). Respondent asserts by way of amended answer that

---

[4]A settlement of a lawsuit is not a sale or exchange; and because there is no sale or exchange, the proceeds constitute ordinary income. Trantina v. United States, 512 F.3d 567 (9th Cir. 2008); Nahey v. Commissioner, 111 T.C. 256, 262 (1998), aff'd, 196 F.3d 866 (7th Cir. 1999); Eckersley v. Commissioner, T.C. Memo. 2007-282, aff'd, 336 Fed. Appx. 633 (2009); Steel v. Commissioner, T.C. Memo. 2002-113, aff'd, 78 Fed. Appx. 585 (9th Cir. 2003).

**[\*12]** petitioner's attorney retained $2,000 of the settlement as a fee for representing him in the lawsuit.  Respondent bears the burden of proof with respect to the increased deficiency.  See Rule 142(a).  Respondent has met that burden of proof by introducing uncontested evidence that the settlement consisted of $17,000, of which petitioner's attorney retained $2,000.  Therefore, the $2,000 is taxable income of petitioner, and we sustain respondent's assertion of the increased deficiency.

III.    Section 6662(a) Penalty

When the Commissioner seeks the imposition of penalties or additions to tax, the Commissioner bears the burden of production.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet this burden, the Commissioner must produce sufficient evidence establishing that it is appropriate to impose the penalties or additions to tax.  See Higbee v. Commissioner, 116 T.C. at 446.  However, the burden to establish the defense of reasonable cause pursuant to section 6664(c) remains with the taxpayer.  Id. at 447.

Section 6662(a) imposes an accuracy-related penalty equal to 20% of an underpayment of tax attributable to one of five causes specified in subsection (b).  Respondent contends that petitioner is liable for the penalty because of negligence

**[*13]** or disregard of rules or regulations or, alternatively, because the underpayment is due to a substantial understatement of income tax. Sec. 6662(b)(1) and (2).

For the purposes of the penalty, "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title". Sec. 6662(c). Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991). A substantial understatement of income tax in the case of an individual is (with certain modifications which do not apply in this case) an understatement of income tax that exceeds the greater of (1) 10% of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6662(d)(1)(A).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the

**[\*14]** determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has met his burden of production. He has shown that the understatement exceeds $5,000, which is greater than 10% of the tax required to be shown on the return.

While petitioner did not file a brief, he did argue at trial that he should not be subject to the penalty because the position he took on his return was not clearly untenable. As support, petitioner cited Matthews v. Commissioner, 92 T.C. 351 (1989), aff'd, 907 F.2d 1173 (D.C. Cir. 1990), for the proposition that a position that is not clearly untenable should not give rise to a section 6662(a) accuracy-related penalty. In Matthews, we concluded that the taxpayers were not liable for an accuracy-related penalty for negligence or intentional disregard of rules and regulations because the taxpayers acted with a good-faith belief, disclosed their positions, and met their burden of proving that they did not act negligently or intentionally. Id. at 362-363. Petitioner, at trial, argued that the key words in Matthews were "not clearly untenable". See id. at 362. But the reason we found the taxpayers' position in Matthews not clearly untenable was that the taxpayers were able to point to statutory language which, they argued, allowed them to

**[\*15]** exclude certain amounts from income. Petitioner cannot point to a statutory source for his belief that the settlement proceeds stemming from a suit over California consumer protection and breach of contract laws should be excluded from income.

In addition, petitioner makes no attempt to show that the failure to report any of the income was due to reasonable cause. When cross-examined, he stated that he received multiple Forms 1099 from banks and that he gave this information to his return preparer. Petitioner does not remember giving the preparer the Form 1099-MISC he received from his attorney, but he testified that he probably did not. We find by a preponderance of the evidence that he did not give the preparer the Form 1099-MISC. Regardless, petitioner did not provide any evidence tending to show reasonable cause through reliance on a tax professional. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). Petitioner has failed to show reasonable cause, and we find that he is liable for the section 6662(a) accuracy-related penalty.

**[\*16]** The Court has considered all of petitioner's and respondent's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are moot, irrelevant, or without merit. To reflect the foregoing and concessions by the parties,

<u>An appropriate decision will be entered</u>.