NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 22, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-1916

| | |
|---|---|
| MICHAEL SHAMROCK & VICTORIA BIGG, *Petitioners–Appellants*, | Appeal from the United States Tax Court. |
| *v.* | No. 028725-11 |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent–Appellee*. | Carolyn P. Chiechi, *Judge*. |

**O R D E R**

Michael Shamrock and his wife, Victoria Bigg, petitioned the Tax Court for a redetermination of more than $170,000 in deficiencies and penalties for tax years 2007

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

through 2009. Although the couple filed their petition pro se, they had hired Grant Niehus, who told them he is a lawyer and CPA, to represent them before the IRS and the Tax Court. Niehus has a law degree but hasn't been authorized to practice law since 2009 and he is not a CPA.

In 2013 the Commissioner and Niehus negotiated stipulations on a number of points, *see* TAX CT. R. 91, including the allowable deduction for a $435,751 loss on the sale of real property in 2009. After signing these written stipulations, Shamrock and Bigg discovered Niehus's deception and substituted Sheldon Drobny, a CPA, as their representative. As of that date the parties had not yet agreed to, or submitted to the Tax Court, any computations of additional tax or penalties based on their stipulations. Drobny, who is authorized to practice before both the IRS and the Tax Court, promptly asked the Commissioner to set aside the stipulations. According to Drobny, the petitioners' $435,751 loss should have been fully deductible, but Niehus had convinced them to accept only a 50% deduction because he was unprepared for trial. The Commissioner responded by instead asking the Tax Court to enter a decision based on the parties' stipulations. Rather than call attention to the fact that Niehus also had lied to the IRS and misled the Tax Court about his credentials, counsel for the Commissioner took the position that any bad advice Niehus had given the petitioners "does not matter" because, as it turned out, he wasn't "even petitioners' counsel in any official capacity . . . and had no formal authority to act before the Court." The Tax Court, without any further inquiry, granted the Commissioner's motion for the "reasons stated" by the Commissioner.

On appeal the petitioners argue that the Tax Court abused its discretion in refusing to set aside their stipulation concerning the deduction for their loss on the sale of real estate in 2009. In agreeing to that stipulation, the petitioners assert, they relied on Niehus's misrepresentations about his competence to represent them. We review for abuse of discretion the Tax Court's decision to enforce a stipulation. *See Shami v. C.I.R.*, 741 F.3d 560, 574 (5th Cir. 2014); *Farrell v. C.I.R.*, 136 F.3d 889, 896–97 (2d Cir. 1998); *Bail Bonds by Marvin Nelson, Inc. v. C.I.R.*, 820 F.2d 1543, 1547–48 (9th Cir. 1987).

The judge abused her discretion. The Tax Court's rules require that the parties stipulate to relevant issues whenever possible; generally these stipulations are binding but may be altered or withdrawn when "justice requires." TAX CT. R. 91(a), (e). The rules give the Tax Court discretion to relieve a party of a stipulation. *See Shami*, 741 F.3d at 574; *Bail Bonds*, 820 F.2d at 1547; *Loftin & Woodard, Inc. v. United States*, 577 F.2d 1206, 1231–32 (5th Cir. 1978). Relief from a stipulation may be warranted if the party agreed

to it under a mistake of law, *Logan Lumber Co. v. C.I.R.*, 365 F.2d 846, 855 (5th Cir. 1966), if the stipulated fact is contrary to the record, *Blohm v. C.I.R.*, 994 F.2d 1542, 1552–53 (11th Cir. 1993); *Jasionowski v. C.I.R.*, 66 T.C. 312, 318 (1976), or if other "good cause" is shown, *see Cung v. C.I.R.*, 105 T.C.M. (CCH) 1508, at *2 (2013). The Commissioner ignored these considerations in asking the Tax Court to enter a decision on the petitioners' stipulations, despite knowing that Niehus had deceived the petitioners, the Commissioner, and the court about his authority to practice law and to represent taxpayers before the IRS and the court. The Commissioner likened the petitioners' stipulations to "settlement agreements" that are "governed by general principals of contract law." But the petitioners signed *pretrial* stipulations, which did not reflect the computation of the deficiency and penalties or purport to resolve conclusively the petitioners' liability. *See Lovenguth v. C.I.R.*, 93 T.C.M. (CCH) 1040, at *3–*4 (2007) (distinguishing stipulations under Rule 91 from "settlement stipulations" and stating that Rule 91 "allows us to consider factors that might not be sufficient to upset a contract"). The Tax Court, by enforcing the petitioners' stipulations solely for the "reasons stated" by the Commissioner, likewise failed to consider the petitioners' asserted justification for setting aside those stipulations.

Drobny had informed the Tax Court that the petitioners disputed their stipulation that they were entitled to deduct only half of the substantial loss on the sale of their real property. Drobny opined that this loss was fully deductible and represented that the petitioners had accepted the lower figure only because Niehus encouraged them to do so. And the Commissioner, by conceding that the issue was not "cut and dry," implicitly acknowledged that the petitioners may have been entitled to the full deduction. The Commissioner insisted that the parties had "settled the issue 50/50 because the outcome was uncertain" for both sides, not "because Mr. Niehus 'improperly handled the issue.'" But that's the Commissioner's view, not a determination made by the Tax Court. The court's decision is silent about Niehus's deceit, and that decision does not show that the judge exercised any discretion when accepting the Commissioner's request that the petitioners' stipulations be enforced.

The Commissioner makes much of the fact that the petitioners did not have a right to effective assistance of a lawyer in their civil tax case. *See Slavin v. C.I.R.*, 932 F.2d 598, 600–01 (7th Cir. 1991); *Ark. Oil & Gas, Inc. v. C.I.R.*, 114 F.3d 795, 799 (8th Cir. 1997). As we understand the Commissioner's argument, a taxpayer should be bound by any stipulation induced by his representative's deceit so long as the Commissioner was unaware of the fraud. That contention simply refuses to accept that stipulations must be set aside when "justice requires," *see Shami*, 741 F.3d at 573; *Lovenguth*, 93 T.C.M. (CCH) 1040, at *3, and does not resolve whether these petitioners have articulated a valid

reason to set aside the stipulation relating to the 2009 loss. Even though the petitioners had no right to an effective lawyer, the petitioners and even the Commissioner's counsel all believed they were dealing with an attorney authorized to represent taxpayers before the IRS and the Tax Court. The Commissioner minimizes that deception, but the Tax Court should have evaluated whether it provided good cause to set aside the petitioners' stipulations.

We recognize that the petitioners focus this appeal on a single stipulation that may affect only the deficiency and penalties for tax year 2009, the year they incurred the $435,751 loss. The Commissioner does not argue, however, that this stipulation could not have tax implications for prior years. Accordingly, the judgment of the Tax Court is VACATED as to all three tax years, and the case is REMANDED for further proceedings.