# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2011

No. 10-60983
Summary Calendar

Lyle W. Cayce
Clerk

CHERYL ELIZABETH HILL; DON EDWARD HILL,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

Appeal from the Decision of the United States
Tax Court
TC No. 16394-07L

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Cheryl Elizabeth and Don Edward Hill appeal an adverse decision of the Tax Court. The Tax Court held that the Hills failed to establish that they were entitled to deduct real estate losses claimed by the Hills on their amended income tax return for the 2004 tax year. In reaching that decision, the Tax Court excluded from evidence several documents offered by the Hills. The Hills

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60983

challenge the Tax Court's evidentiary rulings and its determination that they are not entitled to the claimed deductions for real estate expenses.[1]

We review the Tax Court's evidentiary rulings for abuse of discretion, its factual findings for clear error, and its legal conclusions *de novo*. *Espinoza v. C.I.R.*, 636 F.3d 747, 749 (5th Cir. 2011); *Sklar v. C.I.R.*, 549 F.3d 1252, 1259 (9th Cir. 2008). We have reviewed the briefs and the record, and we affirm the decision of the Tax Court for the following reasons:

1. The Tax Court did not abuse its discretion by excluding from evidence narrative logs offered by Mrs. Hill to prove that she was a real estate professional. The logs contained inadmissible hearsay, and the Hills failed to demonstrate that an exception to the hearsay rule applied.

2. The Tax Court did not abuse its discretion by excluding a real estate lien note, because the Hills were unable to authenticate the document.

3. The Tax Court did not abuse its discretion by excluding from evidence a mortgage rate and payment schedule because it did not contain legible information relevant to the 2004 tax year.

4. The Tax Court did not err by holding that the Hills were not entitled to real-estate related loss deductions claimed on their amended 2004 income tax return. Under the Internal Revenue Code, real estate rental activities are considered to be passive activities. 26 U.S.C. § 469(c). Generally, losses from such passive activities are not deductible unless the taxpayer is a real estate professional, 26 U.S.C. § 469(c)(7), or the taxpayer actively participates in real estate rental activities and the taxpayer's income falls below a specific level. I.R.C. 469(i). To establish that she was a real estate professional, Mrs. Hill was

---

[1] The Tax Court also held that the Hills were liable for tax on an early distribution from a retirement plan and that they were not entitled to an interest abatement. Although their pro se briefs are quite difficult to decipher, it appears that the Hills do not challenge these conclusions on appeal. To the extent that their briefs might be construed as challenging those conclusions, we find that the Tax Court's decision as to both points is correct.

No. 10-60983

required to prove that (1) more than half of the personal services she performed during 2004 were performed in real property trades or businesses in which she materially participated; and (2) that she performed more than 750 hours of services during 2004 in real property trades or businesses in which she materially participated. 26 U.S.C. § 469(c)(7)(B).  The Tax Court found that the methods that Mrs. Hill used to estimate her real estate activities were not reasonable, and that her estimates were not credible.  Further, the Hills' adjusted gross income for 2004 exceeded the amount specified for a deduction under § 469(i).[2]

5.    The Hills' claims that they were denied due process and equal protection are meritless.  They had two hearings before the Appeals Office and a *de novo* trial in the Tax Court, and they have failed to establish unconstitutionally unequal treatment.

AFFIRMED.[3]

---

[2] The Tax Court also held that the Hills were not entitled to a deduction for startup expenditures under I.R.C. § 195.  To the extent that the Hills challenge that holding on appeal, we conclude that the Tax Court did not err.

[3] The Commissioner's motion to strike the rate and payment schedule, the document preceding the trial transcript, and the commentary and advocacy in the table of contents from the Hills' record excerpts is granted, because those documents are not part of the record on appeal.