**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-86

UNITED STATES TAX COURT

DAVID EARL WHITE AND DEBRA ANN MCNICOLL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19568-12S.                    Filed November 4, 2013.

David Earl White and Debra Ann McNicoll, pro sese.

Donald D. Priver, for respondent.

SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the taxable years in issue and all Rule references are to

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined income tax deficiencies of $1,117 and $6,929 for petitioners' 2009 and 2010 tax years, respectively. The sole question for our consideration is whether deductions for losses reported on petitioners' Schedules E, Supplemental Income and Loss, are limited by the passive activity rules of section 469.

## Background

Petitioners were residents of California at the time their petition was filed. During 2007 and through November 2009, petitioner David E. White worked as a community resource coordinator providing resources for prison parolees and helping to facilitate their reentry into society. During November 2009 and throughout 2010 Mr. White did similar work at San Quentin Penitentiary. During 2009 he was employed and earned wages from Seventh Step Foundation, Inc., and the State of California totaling $30,527. During 2010 he was employed and earned wages from the State of California of $64,037. His work hours were from 7 a.m. to 3 p.m. five days per week. Before November 2009 he worked 25 hours

[1](...continued)
the Tax Court Rules of Practice and Procedure.

per week. Petitioner Debra A. McNicoll was employed and earned wages from AT&T for 2009 and 2010 of $92,699 and $98,733, respectively.

During 2009 and 2010 petitioners owned two pieces of rental property, one in Bremerton, Washington, and the other in Colorado Springs, Colorado. Petitioners also owned their residence in Pacifica, California. Petitioners did not elect to treat all of their real estate interests as a single rental real estate activity within the meaning of section 1.469-9(g), Income Tax Regs.

Mr. White was involved in football and has been a football coach for many years. While attending San Francisco State University Mr. White met Mr. Woods, a football player, who became involved in the real estate business during 2004 or 2005. Mr. White was also interested in becoming involved in the real estate business. He read books and studied techniques for successfully acquiring real property. Ultimately, he decided that the purchase of realty where there was a military presence provided an environment for growth and increased property values. Mr. White, following Mr. Woods' lead, purchased the Washington and Colorado residential properties for investment and rental purposes during 2006 and 2007.[2] Both the residences needed repairs, and Mr. White intended to

_____

[2]He had also purchased a home in Georgia and rehabilitated and sold it at a profit during 2008.

rehabilitate and improve the properties to enhance their value. He subcontracted some of the work and performed some of it himself.

Initially the properties increased in value and accumulated additional equity value in excess of their cost. By 2009 and 2010, however, the "real estate bubble" had burst, leaving petitioners with a debt of approximately two-thirds of a million dollars and properties with less value than the outstanding mortgages. Petitioners did not abandon the properties; instead they continued to repair and maintain them during 2009 and 2010. Petitioners did not purchase any additional real property during 2009 and 2010.

Petitioners attached Schedules E to their 2009 and 2010 income tax returns. On the Schedules E petitioners reported $33,600 of total rental income from their two rental properties. Petitioners also reported expenses and depreciation that exceeded the reported income, resulting in reported losses of $19,935 and $26,368 for the 2009 and 2010 tax years, respectively.

During the audit examination of their 2009 and 2010 income tax returns, petitioners sent respondent two letters concerning the question of whether they qualified for the exception to the passive loss rules. In a letter respondent received on March 27, 2012, petitioners stated that 16 hours per week or 832 hours per year were spent on their real estate activity. In that letter petitioners supported their

832 hour-per-year statement by indicating that Mr. White worked from 7 a.m. to 3 p.m. at his State of California job and then devoted the hours of 4:30 p.m. to 6:30 p.m., Monday through Friday and six or more additional hours during the weekend pursuing their real estate activity.

In a letter dated April 2, 2012, petitioners, in further support of the hours stated in their first letter, provided a somewhat more detailed schedule showing some specific types of activities during each month of 2009 and 2010 and further reflecting a total of 64 hours for each month or a total of 768 hours per year.

Generally, Mr. White spent his time in his real estate activity in the areas of maintenance, repairs, tenant problems, renovation, and miscellaneous administrative matters. He also was attempting to find ways to finance and possibly to expand their real property holdings.

At trial Mr. White offered a document that was received as a summary of his testimony reflecting that he spent from 3:30 p.m. to 8 p.m. afterwork hours each weekday and from 9 a.m. to 5 p.m. on each weekend day working on his real estate activity. Mr. White's testimony conflicts with the 2012 letters sent to respondent, in that his testimony is that he spent more than twice as much time (2,002 hours per year) as originally reported to respondent (832 or 768 hours per year) during the audit.

Discussion[3]

Generally, a deduction in connection with business or investment income is allowable against a taxpayer's income. See secs. 162, 212. Section 469, however, limits deductibility of losses from passive activity against a taxpayer's other income. A "passive activity loss" is defined as the excess of the aggregate losses over the aggregate income from all passive activities for a taxable year. Sec. 469(d)(1). A "passive activity" is defined as any trade or business in which a taxpayer does not materially participate. Sec. 469(c)(1). Rental activity, however, is treated as "passive" regardless of whether the taxpayer "materially participates." Sec. 469(c)(2).

A taxpayer who engages in the rental real estate business is not statutorily considered to be engaged in a passive activity under section 469(c)(2) if he can show that he is a qualifying real estate professional under section 496(c)(7). See also sec. 1.469-9(e)(1), Income Tax Regs. Specifically, section 469(c)(7)(B) sets forth the following requirements:

---

[3]The parties did not raise the question of burden of proof. The sole question we consider is whether petitioners are entitled to deductions in excess of income from real estate activity against their ordinary income. Accordingly, petitioners bear the burden of showing their entitlement to the losses under consideration. See Rule 142(a).

      (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

      (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In determining whether a taxpayer is a real estate professional, material participation is considered separately with respect to each parcel of rental property unless a taxpayer makes an election to treat all property as a single activity. See sec. 469(c)(7)(A).[4] With respect to joint income tax returns, either spouse's qualification as a real estate professional may satisfy the above requirements.

Respondent maintains that Mr. White is not a real estate professional for 2009 or 2010 because: (1) he has not substantiated through a reasonable means that he performed more than 750 hours of service in relation to his rental activities and (2) his personal services performed in the rental activities during 2009 and/or 2010 do not exceed the hours that Mr. White spent in his jobs. Petitioners offered evidence in an attempt to show that they have met the threshold requirement of section 469 that would permit losses to be applied against income other than

---

[4]Petitioners did not make this election for 2009 or 2010.

passive income. Our task is to evaluate petitioners' evidence and decide whether it suffices to meet the section 469 requirements.

Initially we note that there is no evidence in the record that Mrs. McNicoll spent any time on the real estate activities during 2009 or 2010. With respect to Mr. White, we must consider whether he has met the first and second requirement of showing that he performed more than 750 hours of services each year in the rental real estate activity and whether the hours spent were more than one-half of the personal services performed in all trades or businesses. The evidence on these points is contradictory.

During the audit examination petitioners sent a letter to respondent stating that 832 hours was spent each year in the rental real estate activity. Subsequently, petitioners sent respondent another letter providing some detail of the type of real estate activity, indicating that 64 hours per month or 768 hours per year were spent engaging in the real estate activity. During 2009 Mr. White worked 25 hours per week until November when he began working 40 hours per week for the State of California. Accordingly, he worked approximately 1,025 hours (25 x 41) from January through October 2009. During November and December he worked approximately 440 hours (11 x 40). Accordingly, Mr. White would have to show that his material participation in the real estate activity exceeded 1,465 hours for

the year. For 2010 Mr. White worked 40 hours per week for a total of approximately 2,080 hours per year, so that he would have to show that his material participation in the real estate activity exceeded that amount. If petitioners' statements to respondent were accepted at face, the 750-hour test may have been met for 2009 and 2010. At trial Mr. White supplied a new schedule of his real estate activity for 2009 and 2010, indicating that he spent 2,002 hours each year involved in the activity.[5]

We have reviewed all of the schedules presented, both to respondent and to the Court, and make the following observations: (1) petitioners did not keep a daily calendar for 2009 or 2010 indicating the number of visits made to the rental properties, quantifying the number of hours spent on their rental activities, property investigation, and related activity, (2) petitioners instead summarized and generalized the activities for 2009 and 2010, in which they generally explained the activities performed concerning the rental properties and provided annual estimates of the hours based on Mr. White's available nonwork hours, (3) the summary schedules presented to respondent and the Court were prepared after the fact and appear to contain pure estimates of the timing and type of activity that

---

[5]It appears that petitioners realized, after the fact, that the hours provided to respondent during the audit examination would not suffice to pass both tests.

petitioners contend was performed, and (4) in both schedules the basis for the total annual time spent was Mr. White's afterwork hours, and the summary schedules essentially assigned all of Mr. White's waking nonjob hours to the real estate activity and did not provide time for other necessities of life. Overall we find the summaries, which represent substantially all of the evidence petitioners offered, to be estimates, some of which are unrealistic and all of which remain uncorroborated in the record. See, e.g., Hill v. Commissioner, T.C. Memo. 2010-200, aff'd, 436 Fed. Appx. 410 (5th Cir. 2011); Bailey v. Commissioner, T.C. Memo. 2001-296.

With respect to the evidence that may be used to establish hours of participation, section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), provides:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

This Court has held that, while the above regulations are somewhat ambiguous concerning the records to be maintained by taxpayers, they do not allow a

noncontemporaneous "ballpark guesstimate". <u>Hill v. Commissioner</u>, T.C. Memo. 2010-200; <u>Carlstedt v. Commissioner</u>, T.C. Memo. 1997-331; <u>Speer v. Commissioner</u>, T.C. Memo. 1996-323; <u>Goshorn v. Commissioner</u>, T.C. Memo. 1993-578.

Because of petitioners' failure to support their contentions that they met the 750 hours-per-year requirement or to show personal services concerning rental real estate in an amount that exceeds one-half of all hours spent in other jobs, we hold that petitioners have failed to meet the threshold requirements of section 469 that would permit their deduction of the loss for 2009 or 2010. Accordingly, petitioners are not entitled to apply the 2009 or the 2010 loss from passive rental real estate activity against other income reported for those tax years.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.